```
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ADOLPHO GOMEZ,                  )
                                )
            Plaintiff,          )         9:06 CV 01477
                                )
      v.                        )
                                )
G. CHAPMAN, Corrections         )         MEMORANDUM OPINION
Officer, Clinton Correctional   )
Facility; A. BABBIE,            )
Corrections Officer, Clinton    )
Correctional Facility,          )
                                )
            Defendants.         )
_____)
```

This matter is before the Court on defendants' motion for summary judgment (Filing No. 14).  Upon review of the motion, the local rule 7.1(a)(3) statements, the memoranda and evidentiary submissions of the parties, and the applicable law, the Court finds that the motion should be granted.

On a motion for summary judgment, all reasonable factual inferences must be drawn in favor of the non-moving party.  *See, e.g.*, *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003)(citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 255 (1986)).  However, to survive a motion for summary judgment, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).  "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v.*

*Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted). Thus, "statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999) (citations omitted).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Vann v. City of New York,* 72 F.3d 1040, 1048 (2d Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). A party "moving for summary judgment must prevail if the [non-movant] fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo,* 100 F.3d 253, 258 (2d Cir. 1996)(citing *Anderson,* 477 U.S. at 247-48).

Gomez brings this action pursuant to 42 U.S.C. § 1983. In order to prevail on his claims, Gomez must present evidence sufficient to allow a reasonable jury to conclude that conduct by a person acting under color of state law proximately caused a deprivation of his federally protected rights. *See* § 1983. Here there is no question that when Gomez alleges conduct by prison staff, he is complaining of conduct by persons acting under color of state law. The key question is whether that conduct deprived him of any federally protected rights.

-2-

Gomez alleges deliberate indifference and gross negligence by the defendants in failing to prevent him from being assaulted as well as a cause of action for grossly inadequate jail conditions.  (*See* Filing No. 1, at 13.)  He prays for compensatory damages in the amount of $1,000,001.00, a like amount in punitive damages, declarative relief and costs.  (*Id.* at 15.)  However, Gomez's case must be dismissed because he has failed to exhaust administrative remedies.

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Prisoners who seek money damages judicially must satisfy the exhaustion requirement even when the available administrative procedures do not afford a monetary remedy, so long as some type of relief is available administratively.  *See Booth v. Churner*, 532 U.S. 731, 734 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516 (2002).

*Porter* requires that Gomez exhaust his administrative remedies.  In this case, the relevant administrative process is

the New York State Department of Correctional Services' ("DOCS") grievance program, which is set forth at 7 NYCRR §§ 701.7, 701.11.  Gomez concedes that he "did not file a grievance on time" (Filing No. 17, at ¶ 2) because he "was not educated and/or well versed on the subjects pertaining to the department of correctional services procedures and directives" (*Id.* at ¶ 3). The general rule is that the PLRA exhaustion requirement is not satisfied by the filing of an untimely administrative grievance. *See Woodford v. Ngo*, 548 U.S. 81 (2006).  However, the *Woodford* Court left open a possible exception against the possibility that "prisons might create procedural requirements for the purpose of tripping up all but the most skillful prisoners . . . ."  *Id.* at 102.

   There is no suggestion here that DOCS has created procedural requirements that fit the possible exception.  Gomez complains that he was unaware of the regulations related to his filing of a grievance (Filing No. 17, at 1) and that he "received erroneous and conflicting information from fellow inmates and law library clerks as to the correct and proper procedures in both the filing of a grievance and the possibility of pursuing a civil law suit" (Filing No. 1, at 11).  Regardless of the truth of these assertions, nothing about not knowing the regulations or about receiving erroneous and conflicting information about them from other inmates tends to show that the prison created the requirements to trip Gomez up.  Similarly, nothing in this case

implicates this circuit's "special circumstances" doctrine, which permits a party to proceed despite his failure to exhaust his administrative remedies based upon reliance on a reasonable interpretation of prison grievance regulations.  *See Hemphill v. New York*, 380 F.3d 680, 689 (2d Cir. 2004) (citing *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004)).  Therefore, Gomez's complaint should be dismissed because of his failure to exhaust administrative remedies.

   For the reasons stated herein, the defendants' motion for summary judgment will be granted; the plaintiff's complaint will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

   DATED this 26th day of February, 2009.

           BY THE COURT:

           /s/ Lyle E. Strom
           _____
           LYLE E. STROM, Senior Judge
           United States District Court